## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| C. SANDERS SERVICES, INC. D/B/A | ) | |
| CSS TRANSPORT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.: 3:17-cv-161 |
| | ) | |
| TI GROUP AUTOMOTIVE SYSTEMS, LLC, | ) | Removed from the Circuit Court of |
| | ) | Macon County, Alabama |
| Defendant. | ) | Case No. 46-CV-2017-900021.00 |

## TI GROUP AUTOMOTIVE SYSTEMS, LLC'S
## MOTION TO DISMISS PURSUANT TO FED. R. 12(b)(6)

Defendant TI Group Automotive Systems, LLC ("TIGAS") respectfully moves this Court

pursuant to Fed. R. Civ. P. 12(b)(6) for dismissal of Plaintiff's Complaint.  In support of this

Motion, TIGAS relies on the attached brief in support, the pleadings and exhibits on file, and the

Federal Rules of Civil Procedure.

s/ Robert E. Poundstone IV
Robert E. Poundstone IV (ASB-5864-N53R)
Sarah S. Osborne (ASB-2064-V86Y)
BRADLEY ARANT BOULT CUMMINGS LLP
445 Dexter Avenue, Suite 9075
Montgomery, AL  36104
Telephone:  (334) 956-7700
Facsimile:  (334) 956-7701
bpoundstone@bradley.com
sosborne@bradley.com

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| C. SANDERS SERVICES, INC. D/B/A CSS TRANSPORT, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CASE NO.: 3:17-cv-161 |
| TI GROUP AUTOMOTIVE SYSTEMS, LLC, | ) ) | Removed from the Circuit Court of Macon County, Alabama |
| Defendant. | ) | Case No. 46-CV-2017-900021.00 |

### BRIEF IN SUPPORT OF TI GROUP AUTOMOTIVE SYSTEMS, LLC'S MOTION TO DISMISS PURSUANT TO FED. R. 12(b)(6)

### I.      INTRODUCTION

This action involves a breach of contract claim arising from the alleged termination of a contract between Plaintiff, C. Sanders Services, Inc. d/b/a CSS Transport ("CSS Transport"), and Defendant, TI Group Automotive Systems, LLC ("TIGAS") under which CSS Transport provided TIGAS with shipping services.  By this Motion, TIGAS seeks dismissal of CSS Transport's Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).  A copy of CSS Transport's Complaint is attached for reference as *Exhibit 1*.  A copy of the contract between the parties is attached hereto as *Exhibit 2* (the "Agreement").[1]

CSS Transport alleges that TIGAS breached the Agreement by terminating without giving a 90-day notice.  TIGAS disputes CSS Transport's allegations.  However, even if TIGAS' actions constitute a breach, CSS Transport has not suffered any damages as a result.  The contract

---

[1] The Court may consider the terms of the Agreement for purposes of this Motion even though it was not attached as an exhibit to the Complaint.  *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (citations omitted)

expressly provides that it is a non-exclusive agreement.  TIGAS was under no obligation to provide CSS Transport with any business during the 90-day termination period.  Alternatively, to the extent CSS Transport is entitled to any damages, CSS Transport's damage claim must be limited to its provable lost profits for the 90-day notice period.

## II.    FACTUAL BACKGROUND

For purposes of this Motion only, TIGAS treats the allegations of fact contained in CSS Transport's Complaint as true. *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015). The Court also may consider the terms of the Agreement upon which CSS Transport relies for its claim even though it was not attached as an exhibit to the Complaint.  *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (citations omitted).

### A.  CSS Transport's Breach Of Contract Claim

In support of its claim, CSS Transport alleges as follows:

- CSS Transport and TIGAS entered into a two-year Agreement under which CSS Transport was to provide transportation services to TIGAS.  (Complaint ¶¶ 3-4).

- On or about November 2, 2015, TIGAS terminated the Agreement without cause and without providing the requisite notice required in the Agreement.  (*Id*. ¶ 6).

- CSS Transport alleges that, as a result of the breach, it "has been forced to sell equipment at a substantial financial loss."  (*Id*. ¶ 7).

- CSS Transport further alleges that it "has lost a year's worth of anticipated profits."  (*Id*. ¶ 8).

### B.  Key Provisions Of The Agreement

Two provisions of the Agreement are critical to the determination of this Motion.  First, Section 17 of the Agreement provides that: "Either party may terminate this Agreement by giving ninety (90) days' written notice to the other party."  (Ex. 2).  Second, Section 28 of the Agreement provides that the relationship between the parties was non-exclusive and TIGAS was free to use other carriers:

> Nonexclusive Agreement. Nothing in this Agreement shall prevent Shipper [TIGAS] from contracting for or otherwise obtaining transportation services from a party other than Carrier [CSS Transport] or from transporting Shipper products for Shipper's own account, including, without limitation, transportation services that are similar or identical to the services. (*Id.*)

### III.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissals for "failure to state a claim upon which relief can be granted."  In order to survive a motion under Rule 12(b)(6), a plaintiff must plausibly allege all the elements of the claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678; 129 S.Ct. 1937 (2009).  Although the Court must accept as true all well-pleaded factual allegations in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### IV.    ARGUMENT

#### A.  CSS Transport Has Not Suffered Any Damages

CSS Transport's Complaint must be dismissed because it has suffered no damages as a result of the alleged breach.  Even if TIGAS breached the Agreement by terminating without notice, CSS Transport was not entitled to receive additional business during the notice period. Under Texas law,[2] a plaintiff alleging breach of contract must demonstrate not only that defendant breached an obligation under the contract, but also that plaintiff suffered damages ***as a result of the breach***.  *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (citations omitted) (applying Texas law).  The damages recoverable for a breach of contract are those that place the non-breaching party in the position it would have enjoyed if the breaching party had performed according to the terms of the contract.  *Hoffman v. L&M Arts,* 838 F.3d 568, 584 (5th

---

[2] The Agreement states that it is governed by Texas law. (Ex. 2 § 19).  For purposes of this Motion, TIGAS assumes that Texas law applies.

Cir. 2016) (applying Texas law); *Nobs Chemical U.S.A., Inc. v. Koppers Co.*, 616 F.2d 212, 215 (5th Cir. 1980) (applying Texas law).

The damages that CSS Transport seeks to recover in this case, lost profits and loss of investment in equipment, do not flow from the alleged breach – TIGAS' failure to give the 90-day notice of termination. Rather, any lost profit and lost investment incurred by CSS Transport are consequences of the fact that TIGAS withdrew its business from CSS Transport, which TIGAS was permitted to do under the Agreement. The Agreement gives TIGAS the right to terminate without cause. (Ex. 2 § 17). Furthermore, under the plain and unambiguous terms of the Agreement, TIGAS was free to use other carriers to provide shipping services. (Ex. 2 § 28). TIGAS had no obligation to provide CSS Transport with any minimum level of business during the 90-day termination period (or at any other time). *Id.* Thus, CSS Transport has not suffered any damages as a result of the alleged breach.

In *Conair Corp. v. Old Dominion Freight Line, Inc.*, 22 F.3d 529 (3d Cir. 1994), the Third Circuit Court of Appeals addressed the exact issue presented in this Motion. Defendant, a provider for freight services to the plaintiff, filed a counterclaim alleging that defendant improperly terminated the parties' contract without providing the required 60-day notice. *Id.* at 533. The court of appeals affirmed the district court's grant of summary judgment dismissing the counterclaim. In doing so, the court noted that the contract (like the Agreement at issue here) was a non-exclusive contract under which the shipper was free to use other freight carriers. *Id.* at 534 ("assuming *arguendo* that [shipper] failed to provide adequate notice of its cancellation of the Agreement [shipper] was under no obligation to tender any business to [carrier] pursuant to the terms of the Agreement.").

5

Accordingly, CSS Transport cannot establish that it has been damaged in any way by the alleged failure to give sufficient notice of termination. CSS Transport's claim for breach of contract must be dismissed. *Conair Corp.*, 22 F.3d at 534; *Hoffman,* 838 F.3d at 584; *Nobs Chemical U.S.A., Inc.*, 616 F.2d at 215.

### B. Alternatively, CSS Transport's Damages Must Be Limited To Its Anticipated Profits For The 90-Day Termination Period

As set forth in the preceding Section A, CSS Transport was not entitled to receive any minimum level of business during the 90-day termination period. Therefore, CSS Transport is not entitled to any damages. However, to the extent the Court declines to dismiss CSS Transport's claim in its entirety, CSS Transport's damages must be limited to its provable lost profits for the 90-day termination period. CSS Transport does not (and cannot) claim that TIGAS was not permitted to terminate the Agreement. Section 17 of the Agreement expressly provides both parties with the right to terminate the Agreement without cause. (Ex. 2). Rather, CSS Transport alleges that TIGAS failed to give the 90-day notice required under Section 17. In such circumstances, the damages recoverable if CSS Transport prevails on its breach of contract claim are limited to those that are required to put CSS Transport in the position it would have occupied if TIGAS had given the 90-day notice, not the position CSS Transport would have occupied absent the termination. *Hoffman,* 838 F.3d at 584; *Nobs Chemical U.S.A., Inc.*, 616 F.2d at 215.

Courts that have addressed similar circumstances have held that a party alleging failure to give sufficient notice is limited to claiming damages for the notice period. In *Unishippers Global Logistics, LLC v. DHL Express (USA), Inc.*, 526 Fed. Appx. 899 (10th Cir. 2013), plaintiff and defendant were parties to a contract under which defendant provided expedited shipping services to plaintiff. *Id.* at 901. Defendant ceased its domestic operations in the U.S. and plaintiff filed suit alleging that defendant had terminated the agreement without providing the required 180-day

6

notice. *Id.* at 902.  On appeal, the Tenth Circuit Court of Appeals held that the district court erred when it allowed the jury to consider damages outside of the 180-day notice period.  *Id.* at 907 ("Allowing [plaintiff] to recover lost profits through…the date at which the Reseller Agreement was set to expire put [plaintiff] in a better position than it otherwise would have been in.").  *See also, Strategic Outsourcing, Inc. v. Continental Casualty Co.*, 274 Fed. Appx 228, 232–34 (4th Cir. 2008) (when a party breaches by terminating a contract without the required notice, the injured party may recover only those damages accrued under the notice period); *Osborn v. Commanche Cattle Indus., Inc.*, 545 P.2d 827, 831 (Okla. Ct. App. 1975) ("only legally protectable expectation interest in the party to a contract terminable by either party upon notice is the prospect of profit over the length of the notice period.").

Accordingly, if CSS Transport's claim is not dismissed in its entirety, CSS Transport's damages (if any) must be limited to its provable lost profits for the 90-day termination period. TIGAS is entitled to dismissal of CSS Transport's claims for all other alleged damages including, but not limited to: (1) loss on the sale of equipment; and (2) lost profits outside the 90-day termination period. *Hoffman,* 838 F.3d at 584; *Nobs Chemical U.S.A., Inc.*, 616 F.2d at 215; *Unishippers Global Logistics, LLC*, 526 Fed. Appx. At 907; *Strategic Outsourcing, Inc.*, 274 Fed. Appx at 232–34; *Osborn*, 545 P.2d at 831.

## V.    <u>CONCLUSION</u>

WHEREFORE, TIGAS requests that CSS Transport's Complaint be dismissed in its entirety, and that TIGAS be awarded its costs incurred in defending this action.

Respectfully submitted,


s/ Robert E. Poundstone IV
Robert E. Poundstone III (ASB-5864-N53R)
Sarah S. Osborne (ASB-2064-V86Y)
BRADLEY ARANT BOULT CUMMINGS LLP
445 Dexter Avenue, Suite 9075
Montgomery, AL  36104
Telephone:  (334) 956-7700
Facsimile:  (334) 956-7701
bpoundstone@bradley.com
sosborne@bradley.com

*Attorneys for Defendant*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 27, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Brain P. Strength, Esq.
STRENGTH & CONNALLY, LLC
402 North Main Street
P.O. Box 830810
Tuskegee, AL 36083

Philip A. Thomson, Esq.
HAYGOOD, CLEVELAND, PIERCE, & THOMPSON LLP
611 East Glenn Ave
P.O. Box 3310
Auburn, Alabama 36831

and I hereby certify that I have mailed electronically or by United States Postal Service the document to the following non-CM/ECF participants:

John R. Trentacosta, Esq.
Nicholas Ellis, Esq.
FOLEY & LARDNER, LLP
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489


s/ Robert E. Poundstone IV
OF COUNSEL